# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL MATTER** |
| **VERSUS** | **NO. 11-235** |
| **JARELL BROWN** | **SECTION: G** |

## ORDER AND REASONS

Before the Court is Defendant Jarell Brown's "Motion Pursuant to 18 USCS § 3585 (b) and Amended Judgment,"[1] wherein Defendant requests that this Court issue an Amended Judgment to "give credit to [D]efendant for prior custody before sentence"[2] pursuant to 18 USCS § 3585(b). For the reasons that follow, Defendant's motion is denied.

## I. Background

### A. Factual Background

Defendant Jarell Brown pled guilty to Count 1 of the Superseding Indictment, conspiracy to possess with the intent to distribute one-hundred or more grams of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.[3] On April 18, 2013, Brown was sentenced to 110 months in prison.[4]

### B. Procedural Background

On January 2, 2014, Brown filed a motion requesting credit for time served pursuant to 18 USCS § 3585(b).[5] The Government filed its response in opposition on January 17, 2014.[6] On March

---

[1] Rec. Doc. 537.

[2] Rec. Doc. 537-1 at 2.

[3] Rec. Doc. 75 at 2.

[4] Rec. Doc. 120 at 2.

[5] Rec. Doc. 537.

[6] Rec. Doc. 553.

1

6, 2014, Brown filed a supplemental memorandum in support of his motion for credit for time served.[7]

## II. Parties' Arguments

### A. Defendant's Argument

Brown requests that the Court "give credit to [D]efendant for prior custody before sentence" pursuant to 18 U.S.C. § 3585(b).[8]

According to Brown, on November 2, 2011, he was placed on "official detention" until August 1, 2012. Thus, Brown argues that "[t]he time from November 2, 2011 to August 1, 2012," he was "in 'official detention' by the U.S. Marshals for 9 months under 24 hour house arrest."[9] Brown further contends that "§ 3585 (b) allow [sic] credit for prior custody and this Honorable Court may grant credit for custody before sentencing"[10] For this proposition, Brown cites to the out-of-circuit district court case of *United States v. Londono-Cardana*,[11] in which, according Brown, the court "granted 'official detention' for pre-trial detention on 24 hour monitor by U.S. Marshals."[12] Finally, Brown claims that "[t]he Bureau of Prisons are [sic] unaware of the home incarceration Defendant served prior to sentence."[13]

---

[7] Rec. Doc. 571.

[8] Rec. Doc. 537-1 at 2.

[9] *Id.* at 1.

[10] *Id.* (emphasis omitted).

[11] *United States v. Londono-Cardona*, 759 F. Supp. 60 (D.P.R. 1991).

[12] Rec. Doc. 537-1 at 1.

[13] *Id.* at 1–2.

**B. Government's Argument in Opposition**

Citing to the Supreme Court case of *Reno v. Koray*,[14] the Government argues that, "[c]onfinement credit is available only to those defendants who have been detained in a penal or correctional facility and subject to control of Bureau of Prisons."[15] According to the Government, "the phrase 'official detention' does not refer to restrictive conditions of release on bail under an 'official' order that significantly curtails a defendant's liberty."[16] Rather, citing to out-of circuit cases, the Government argues that "[t]o constitute official detention, the condition imposed must be equivalent to incarceration."[17] Notably, the Government points out, "The periods of time this defendant seeks credit are not equivalent to incarceration."[18] The Government characterizes Brown's period of home confinement as "periods of bond with restrictions not warranting sentencing credit under Title 18 United States Code, Section 3585(b)."[19]

Alternatively, the Government argues that pursuant to Rule 36 of the Federal Rules of Criminal Procedure, Brown cannot seek relief.[20] Rule 36 provides that, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." According to the Government, because "Defendant has not asserted any other error with the sentence and focuses only

---

[14] 515 U.S. 50 (1995).

[15] Rec. Doc. 553 at 2.

[16] *Id.* (citing to *Reno v. Koray*, 515 U.S. at 50).

[17] *Id.* at 3.

[18] *Id.*

[19] *Id.* at 4.

[20] *Id.*

on his credit for time service," Brown "is not entitled to relief under Rule 36."[21]

Specifically, the Government quotes *United States v. Mares*,[22] in which the Fifth Circuit stated that, "A claim for time served prior to the date of a federal sentence is not cognizable in a proceeding pursuant to Fed. R. Crim. P. 36."[23] According to the Government, the Fifth Circuit in *Mares* held that a claim for time served prior to a sentence must be brought in a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the district in which the petitioner is incarcerated."[24] Thus, the Government argues that "this Court has no jurisdiction to grant defendant's request."[25] Furthermore, the Government maintains that this Court should not entertain Brown's motion as a habeas corpus petition because he "has not presented any evidence supporting the claim."[26] Moreover, according to the Government, Brown's motion "does not indicate that he has exhausted his administrative remedies," as is required.[27] The Government concludes by asking the Court to deny the pending motion as it now stands and "allow the defendant to pursue whatever actions he deems necessary in considering whether to file for habeas relief."[28]

### C. Defendant's Reply in Support

First, Brown argues that the Court should consider his motion under 28 U.S.C. § 2255, even

---

[21] *Id.*

[22] 868 F.2d 151 (5th Cir. 1989).

[23] Rec. Doc. 553 at 4.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.* at 5.

though he initially filed it pursuant to 18 U.S.C. § 3585.[29] According to Brown, 28 U.S.C. § 2255 authorizes a court to correct a sentence within one year of its imposition if the "sentence imposed was not authorized by law or otherwise open to collateral attack."[30]

Next, Brown argues that because he was "on 24-hour home detention, with the ability to leave home only with the express permission of an agent of Pretrial Services," he should be given credit for that period of home confinement.[31] For this proposition, Brown again cites *United States v. Londono-Cardana*, an out-of-circuit district court case.[32] Moreover, Brown asserts that the United States Sentencing Guidelines § 5G1.3 "authorizes a sentencing court to consider adjusting a defendant's sentence for time served in custody that would not otherwise be credited by the Bureau of Prisons."[33] Brown points to *United States v. Dabney*, in which Judge Eldon Fallon, according to Brown, "used this provision . . . to award a defendant credit for time served on home detention."[34]

### III. Law and Analysis

*A. Applicable Law*

Title 18 U.S.C. § 3585(b) provides that a defendant generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Title 18 U.S.C. § 3585 also determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

---

[29] Rec. Doc. 571 at 1.

[30] *Id.* at 2 (quoting 28 U.S.C. § 2255).

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

Calculation of a term of imprisonment

(a) commencement of Sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) credit for Prior Custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . that has not been credited against another sentence.[35]

In *Reno v. Korsay*, the Supreme Court specifically noted that "official detention" begins only when a defendant has been "committed to the custody of the Attorney General."[36] A defendant given bail, even on restrictive conditions, is considered to be released and hence, not in "official detention."[37]

Moreover, in *United States v. Mares*, the Fifth Circuit explained the procedural requirements for bringing a motion for credit for time previously served.  In *Mares*, the Fifth Circuit noted that, "The claimant must instead proceed via a petition for habeas corpus under 28 U.S.C. § 2241."[38] The Fifth Circuit further noted that, "The claimant must file that petition in the district where he is  incarcerated;

---

[35] 18 U.S.C. § 3585.

[36] *Reno v. Koray*, 515 U.S. at 50.

[37] *Id.*

[38] *United States v. Mares*, 868 F.2d at 151.

if the claimant files in another district, that court has no jurisdiction to hear the petition."[39] In *Mares*, the Fifth Circuit held that "a court in the Southern District of Texas correctly determined that it had no jurisdiction to hear a petition from Mares," because he was incarcerated in the Northern District of Texas and, therefore, affirmed the district court's dismissal for want of jurisdiction.[40]

### B. Analysis

In this case, Brown is incarcerated at the Oakdale Federal Correctional Complex in Oakdale, Louisiana, which is in Allen Parish, Louisiana.[41] Allen Parish does not fall within the ambit of the Eastern District of Louisiana. The Eastern District of Louisiana encompasses the parishes of: Assumption, Jefferson, Lafourche, Orleans, Plaquemines, St. Bernard, St. Charles, St. James, St. John the Baptist, St. Tammany, Tangipahoa, Terrebonne, and Washington.[42] Rather, Allen Parish is located in the Western District of Louisiana.[43] Therefore, under *Mares*, this Court does not have jurisdiction over Brown's claims. *Mares* requires that claims for time served prior to incarceration need to be brought as (1) a habeas corpus proceeding pursuant to 28 U.S.C. § 2242, and (2) in the district in which the petitioner is incarcerated. Brown has not brought his motion pursuant to a habeas corpus proceeding under 28 U.S.C. § 2242. Morever, Brown is not incarcerated in the Eastern District; therefore, this Court, under *Mares*, does not have jurisdiction over him and his motion should be dismissed.

In the event it later appears this Court does have jurisdiction over this matter, Brown's motion must also fail on the merits. Brown was out on bond from November 2, 2011 through December 21,

---

[39] *Id.*

[40] *Id.*

[41] Rec. Doc. 537 at 1.

[42] 28 U.S. Code § 98(a).

[43] *Id.*

2011 with home incarceration as a condition of bond.[44] From December 21, 2011 through August 1, 2012, Brown was still out on bond, this time with home detention as a condition of bond.[45] Under the Supreme Court's definition of "official detention," official detention does not include periods of release on bail even with restrictive conditions in place under an "official" order that significantly curtail a defendant's liberty. Rather, "official detention"—and hence, credit for time served—only counts those periods when a defendant was detained in a penal or correctional facility and subject to control of the Bureau of Prisons. From November 2, 2011 through August 1, 2012, the time for which Brown seeks credit for time served, Brown was out on bond. Per the terms of his bond, Brown claims that he was detained at home under 24 hour surveillance. He does not claim that he was detained at a penal or correctional facility during this time. Nor was he subject to the control of the Bureau of Prisons. Accordingly, Brown's motion for credit for time served cannot be granted.

## IV. Conclusion

The Court finds that it lacks jurisdiction to hear Defendant Brown's motion because Brown did not bring his motion for credit for time served under 28 U.S.C. § 2242, as required by law. Moreover, this Court lacks jurisdiction to hear the matter because Brown is not incarcerated in the Eastern District of Louisiana, which is where this Court sits, and therefore his motion should be dismissed. Finally, even if it is later determined that this Court has jurisdiction, Brown's motion must fail on the merits. Brown was not in "official detention," during the time for which he seeks credit because he was neither in a penal or correctional facility nor was he under the control of the Bureau of Prisons.

Accordingly,

---

[44] Rec. Docs. 105, 137.

[45] Rec. Docs. 137, 246.

**IT IS HEREBY ORDERED** that this matter is dismissed for lack of jurisdiction;

Alternatively, **IT IS ORDERED** that Defendant's Motion Pursuant to 18 USCS § 3585 (b) and Amended Judgment[46] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this   20th   day of May, 2014.

NANNETTE JOLIVETTE BROWN

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[46] Rec. Doc. 537.